ACCEPTED
03-14-00530-CR
5235884
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 3:48:37 PM
JEFFREY D. KYLE
CLERK

# 03-14-00530-CR

IN THE THIRD COURT OF APPEALS
SITTING IN AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 3:48:37 PM
JEFFREY D. KYLE
Clerk

ON APPEAL FROM CAUSE NO. D-1-DC-14-904026
427th DISTRICT COURT, TRAVIS COUNTY, TEXAS

# GRAHAM SONNENBERG
Appellant

VS.

# STATE OF TEXAS
Appellee

# APPELLANT'S BRIEF

## ORAL ARGUMENT NOT REQUESTED

Filed by:
Don Morehart    SBN 14423700
LAW OFFICE OF DON MOREHART
316 West 12th Street, Suite 313
Austin, Texas 78701
Telephone 512.551.0404
Telecopier 512.551.0405
Don@MorehartLaw.com

**PARTIES AND COUNSEL TO THE CASE:**

GRAHAM SONNENBERG
Appellant/Defendant
TDCJ # 01950692
Daniel Unit
938 South FM 1673
Snyder, TX 79549

Mr. Don Morehart
Law Office of Don Morehart
Attorney for Appellant
316 West 12th Street, Suite 313
Austin, Texas 78701
T: 512-551-0404
F: 512-551-0405

Mr. Jon Evans
Trial Counsel for Appellant
806 West 11th Street
Austin, TX 78701
T: 512-476-4075

Mr. Jesus M. Salinas
Trial Counsel for Appellant
806 West 11th Street
Austin, TX 78701
T: 512-476-4075

Ms. Rosemary Lehmberg
Travis County District Attorney
Attorney for the State
P.O. Box 1748

Ms. Kelly A. Gier
Assistant District Attorney
Trial Counsel for State
P.O. Box 1748
Austin, Texas 78767
T: 512-854-9400

Mr. James F. Booher
Assistant District Attorney
Trial Counsel for State
P.O. Box 1748
Austin, Texas 78767
T: 512-854-9400

# 03-14-00530-CR

## IN THE THIRD COURT OF APPEALS
### SITTING IN AUSTIN, TEXAS

_____

# APPELLANT'S BRIEF
_____

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

This is an appeal from jury verdicts of Guilty for one count of aggravated assault with a deadly weapon involving family/dating violence, and for one count of subsequent offense assault by strangulation with family/dating violence. The jury verdicts on punishment were sixteen years confinement for the first count (aggravated assault) and twenty years confinement for the second count (subsequent assault by strangulation). The trial court imposed sentence in accordance with the jury's verdicts, and ran the sentences concurrently. There was no arguable error in the trial of this case which could potentially result in a reversal of the convictions and sentences.

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Procedural Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Factual Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

SUMMARY OF THE ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . 17

ARGUABLE POINT OF ERROR NUMBER ONE . . . . . . . . . . . . . . . . . . . . . 18
    FACTS AND ARGUMENTS RELEVANT TO ARGUABLE
    POINT OF ERROR NUMBER ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

ARGUABLE POINT OF ERROR NUMBER TWO . . . . . . . . . . . . . . . . . . . . . 21
    FACTS AND ARGUMENTS RELEVANT TO ARGUABLE
    POINT OF ERROR NUMBER TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

ARGUABLE POINT OF ERROR NUMBER THREE . . . . . . . . . . . . . . . . . . . 23
    FACTS AND ARGUMENT RELEVANT TO ARGUABLE
    POINT OF ERROR NUMBER THREE . . . . . . . . . . . . . . . . . . . . . . . . . . 23

ARGUABLE POINT OF ERROR NUMBER FOUR . . . . . . . . . . . . . . . . . . . . 25
    FACTS AND ARGUMENT RELEVANT TO ARGUABLE
    POINT OF ERROR NUMBER FOUR . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

ARGUABLE POINT OF ERROR NUMBER FIVE . . . . . . . . . . . . . . . . . . . . . 26
    FACTS AND ARGUMENTS RELEVANT TO ARGUABLE
    POINT OF ERROR NUMBER FIVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

NON-MERITORIOUS APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Attorney's Certificate of Compliance with TRAP 9.4 . . . . . . . . . . . . . . . . . . . . 33

# **TABLE OF AUTHORITIES**

Case Law

Anders v. California, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . 27-29

Bruns v. State, 924 S.W.2d 176 (Tex. App. — San Antonio 1996, no pet.) . . . . . 29

Douglas v. California, 372 U.S. 353 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Ex parte Davis, 957 S.W.2d 9 (Tex. Crim. App., 1997) . . . . . . . . . . . . . . . . . . . 26

Flowers v. State, 220 S.W.3d 919 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . 22

High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978) . . . . . . . . . . 28

Jeffery v. State, 903 S.W.2d 776, (Tex. App. — Dallas 1995, no pet.) . . . . . . . . 28

Johnson v. State, 885 S.W.2d 641 (Tex. App. — Waco 1994, pet. ref'd) . . . . 28, 29

McCoy v. Court of Appeals, 486 U.S. 429 (1988) . . . . . . . . . . . . . . . . . . . . . 27, 28

Morales v. State, 32 S.W.3d 862 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . 24

Penson v. Ohio, 488 U.S. 750 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27-29

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . 29, 30

Weatherred v. State, 15 S.W.3d 540 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . 24


Statutes

Texas Code of Criminal Procedure Article 37.07(3) . . . . . . . . . . . . . . . . . . . . . . 22

Texas Code of Criminal Procedure Article 37.09 . . . . . . . . . . . . . . . . . . . . . . . . 21

Texas Penal Code Section 22.01(b-1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Texas Penal Code Section 22.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Texas Rule of Evidence 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

## STATEMENT OF THE CASE

### A.    Procedural Summary

On October 29, 2012, Appellant Graham Sonnenberg was arrested by Austin Police Officers and was charged with Assault by Strangulation with allegations of Family Violence in cause number D1DC12205661 (CRv3p4).  Bond was set at $20,000.00 (CRv3p3).  On February 26, 2013, a Travis County Grand Jury returned an indictment in this cause number, accusing Appellant of Assault by Strangulation with allegations of Family Violence (CRv3p16-19).  On February 12, 2014, this indictment was dismissed, and in lieu of a new indictment in cause number D1DC13904091 (CRv3p23).

On September 23, 2013, the events in question were re-indicted in cause number D1DC13904091 (CRv2p4-7), which accused Appellant in four counts of the following: Aggravated Assault with a Deadly Weapon and Family Violence, Aggravated Assault with a Deadly Weapon and Family Violence, Assault by Strangulation with Family Violence, and Assault with Family Violence (CRv2p4-7).  On November 5, 2014, this indictment was dismissed (see Appendix 6) in lieu of a new indictment in cause number D1DC14904026 (CRv1p6), which

8

was the indictment which finally went to trial on August 11, 2014 (RRv3p1).[1]

On May 27, 2014, the events in question were re-indicted in cause number D1DC14904026, which accused Appellant in two counts of the following: Aggravated Assault with a Deadly Weapon and Family Violence, Assault by Strangulation and Subsequent Offense Family Violence (CRv1p6).

On August 11, 2014, a jury venire was summoned and sworn, and a petit jury was selected by the parties, and was seated and sworn and instructed by the trial court without objection (RRv3p193, RRv3p194-198). Evidence commenced on August 11, 2014 (RRv3p3), and concluded on August 13, 2014 (RRv5p217). On August 13, 2014, the jury returned a verdict of Guilty of Aggravated Assault and Assault Strangulation Enhanced (RRv5p220, CRv1p118-119).

On August 14, 2014, the court held a punishment trial (RRv6p6), which concluded on that same date. The jury returned punishment verdicts of sixteen years confinement for Aggravated Assault and twenty years confinement for the offense of Assault Strangulation Enhanced.

A deadly weapon finding was imposed, even though it was not put to the

---

[1]The Clerk's Records contains three volumes: an original volume which will be cited as volume 1, and first supplemental volume which will be cited as volume 2, and a second supplement volume which will be cited as volume 3. Citations to the Clerk's Records will be as follows: (CRv1p1) indicating the volume and page numbers thereby. Citations to the eight volume Reporter's Records will be as follows: (RRv1p1) indicating the volume and page numbers thereby.

jury (RRv6p220-221, CRv1p146).

On September 12, 2014, Appellant's counsel filed his First Amended Motion for New Trial and Request for Evidentiary Hearing (CRv1p164). On September 25, 2014, the trial court rejected the request for a hearing on the motion for new trial, and denied the motion for new trial by written order (CRv1p185).

B.    Factual Summary

On October 29, 2012, witness Shauna Fitzsimmons was sleeping in her apartment in west central Austin when she was awakened by screams in the parking lot outside her window (RRv3p208). Ms. Fitzsimmons could not tell if it was the woman or a man that was screaming (RRv3p210, RRv3p213). She immediately looked out her window, she saw a woman lying limp on the ground with her pants pulled down around her thighs (RRv3p209). The woman eventually stood up, pulled up her pants, and limped away (RRv3p209). Ms. Fitzsimmons immediately called 911 (RRv3p209). The recording of the 911 call did not record the screaming which Ms. Fitzsimmons reported having heard, even though the woman she saw was only a few feet away from her when Fitszimmons was making the call to 911 (RRv3p213).

Nicholas Phelps, another resident at the apartment complex, was also awakened by screams in the vicinity of his third story residence (RRv3p219,

10

RRv3p225). Mr. Phelps looked outside his window but he did not see anything that went along with the screams he had heard (RRv3p220). As with Ms. Fitzsimmons, Mr. Phelps only heard one person screaming (RRv3p223). Mr. Phelps also called 911 and, as with Ms. Fitzsimmons, the recording of Mr. Phelps' 911 call did not record any of any screams (RRv3p224).

Complaining Witness Alexis Manley described the events of October 29, 2012. She testified that Appellant arrived at her apartment in the middle of the night and began banging on her apartment door (RRv4p9). Ms. Manley opened the door and, reluctantly, let Appellant enter (RRv4p10). Ms. Manley believed that Appellant had been drinking, and described his behavior as erratic (RRv4p9-10). Ms. Manley admitted that she had been drinking that night, too, even though she had told police and EMS personnel that she had not been drinking (RRv4p10). Ms. Manley explained that her memories of the evening were not clear, but claimed it was because she had been knocked unconscious[2] by Appellant several times during their encounter, instead of her own intoxication (RRv4p10-11, RRv4p66-67, State's Exhibit 81, RRv4p169)[3]. Ms. Manley described her fleeting

[2]Ms. Manley denied being knocked unconscious when asked by medical personnel (denies LOC), both the paramedics on the scene (RRv8p358), and hospital personnel (RRv8p399)

[3]EMS records reflect that, even though Ms. Manley denied consuming alcohol, she smelled of alcohol when she was being treated by medical personnel (page 13 of State's Exhibit

11

memories of being screamed at by Appellant, being struck by Appellant, having her hair pulled, and being strangled by Appellant using his hands and feet (RRv4p10-15). Ms. Manley described being in a state of semi-consciousness when Appellant walked away from her to another room, giving her a chance to get out of the apartment and run away (RRv4p18). Initially, Ms. Manley declined the assistance of paramedics, but shortly thereafter she vomited and began to feel the pains and injuries, and she was eventually taken to hospital (RRv4p21-22, RRv4p163, RRv4p177).

Upon cross examination, Ms. Manley admitted that she had struck Appellant, and bit Appellant's ear which required stitches, and bit Appellant's face (RRv4p73-74).

Austin Police Officers were dispatched to the scene of Ms. Manley's apartment complex at approximately 4:37 a.m. (RRv4p119). Ms. Manley was found outside, in the parking lot, and was obviously injured (RRv4p143, RRv4p161-162). Ms. Manley told the officers that her alleged attacker was still in her apartment and that there were guns in the apartment (RRv4p120). When they

81, RRv8p368) - ("pt denied etoh [ethyl alcohol] however had smell of etoh [ethyl alcohol] about her").

knocked on the door, Appellant answered (RRv4p149). He was naked[4] and

bleeding (RRv4p122, RRv4p155). When they searched the apartment for safety,

they found the bathroom door to be locked from the inside, and since no one would

answer from inside they kicked it open (RRv4p153, State's Exhibit 15,

RRv8p232).

Both parties were taken to the hospital. Ms. Manley was treated and

released. Appellant was treated and then taken to jail.

---

[4]Ms. Manley testified that when Appellant would stay over at her apartment, he would sleep in the nude (RRv4p75). Indeed, officers helped him put on his pants after placing him in handcuffs (RRv4p139, RRv4p155).

## STATEMENT OF JURISDICTION

This Court of Appeals has jurisdiction over the parties and the subject matter of this appeal from a felony conviction in the 427th District Court, sitting in Austin, Travis County, Texas. A timely notice of appeal was properly filed with the clerk of the trial court. After reasonable extensions of time, the clerk's records and the reporter's records have been timely filed. After reasonable extensions of time, the Appellant's Brief has been timely filed.

## SUMMARY OF THE ARGUMENTS

1.      Appellant's trial counsel objected to the duplicity of the convictions in count one and count two, asserting that double jeopardy principals only permitted one conviction on these facts.  The trial court overruled this objection.  The two counts differed in substantial respects: count one included allegations of a deadly weapon and count two did not; count two involved allegations of strangulation and count one did not.  On these facts, the trial court was permitted to enter two convictions.

2.      Appellant's trial counsel objected to the admission of a prior judgment demonstrating that Appellant had been previously convicted of assault with family/dating violence, on the grounds that the fingerprint on the judgment was not suitable for comparison.  The trial court overruled the objection and admitted the prior judgment.  The trial court's decision was not an abuse of discretion, and the complaints about the fingerprint were properly presented for the jury's consideration.

3.      Appellant's trial counsel objected to testimony from the State's expert witness regarding the psychology of victims of domestic violence, and the so-called power and control wheel.  The trial court sustained the objection, in part; and overruled the objection, in part.  The trial court convened a gate keeper hearing outside of the jury's hearing, and restricted the testimony to those elements which

15

had direct relevance to the evidence in the case at bar. The evidence admitted over objection was proper.

4. Appellant's trial counsel requested a mistrial because the prosecution presented the defense with exculpatory evidence on the last day of trial, after both parties had rested and closed. The trial court offered the defense a recess to consider its options, but Appellant's trial counsel declined. Appellant's trial counsel had been apprised of the basis of the exculpatory evidence in question five months before the trial and could have independently investigated the exculpatory evidence. Whether trial counsel was ineffective for failing to investigate the exculpatory evidence is not developed in this record.

5. The trial court erred in refusing to convene a hearing on Appellant's First Amended Motion for New Trial. However, the trial court was legally justified in refusing to hold a hearing because the First Amended Motion for New Trial was not supported by affidavit. Appellant may still pursue the complaints in the First Amended Motion for New Trial through post-conviction proceedings.

## **STATEMENT REGARDING ORAL ARGUMENT**

Because there are no meritorious, non-frivolous grounds upon which the

Court of Appeals could reverse this conviction, there is no need for oral argument.

## ARGUABLE POINT OF ERROR NUMBER ONE

The trial court arguably erred by submitting two counts to the jury when the evidence established, arguably, only one offense.

## FACTS AND ARGUMENTS RELEVANT TO ARGUABLE POINT OF ERROR NUMBER ONE

The operative indictment was filed on May 27, 2014 (CRv1p6). It alleged two offenses, in two counts, with multiple manners/means of commission of the two offenses.

In Count One, the following was alleged, in relevant part (CRv1p8):

[T]that GRAHAM SONNENBERG, on or about the 29th day of October, 2012, . . . did then and there intentionally, knowingly or recklessly cause bodily injury to Alexis Manley, a member of GRAHAM SONNENBERG's family and household and with whom he has had a dating relationship, by seizing Alexis Manley on and about the neck with his hand, and by applying pressure to the neck of Alexis Manley with his hand, and GRAHAM SONNENBE RG did then and there use or exhibit a deadly weapon, to-wit, his hand, which in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of said offense,

[T]hat GRAHAM SONNENBERG, on or about the 29th day of October, 2012, . . . did then and there intentionally, knowingly or recklessly cause bodily injury to Alexis Manley, a member of GRAHAM SONNENBERG's family and household and with whom he has had a dating relationship, by applying pressure to the neck of Alexis Manley with his foot, and GRAHAM SONNENBERG did then and there use or exhibit a deadly weapon, to-wit, his foot, which in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of said offense, [and]

18

[T]hat GRAHAM SONNENBERG, on or about the 29th day of October, 2012, . . did then and there intentionally, knowingly or recklessly cause bodily injury to Alexis Manley, a member of GRAHAM SONNENBERG's family and household and with whom he has had a dating relationship, by striking Alexis Manley with his foot, and GRAHAM SONNENBERG did then and there use or exhibit a deadly weapon, to-wit, his foot, which in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of said offense, . . . .

In Count Two, the following was alleged, in relevant part:

[T]hat GRAHAM SONNENBERG, on or about the 29th day of October, 2012, . . . did then and there intentionally, knowingly or recklessly cause bodily injury to Alexis Manley, a member of GRAHAM SONNENBERG's family and household and with whom GRAHAM SONNENBERG has had a dating relationship, by seizing Alexis Manley on and about the neck with his hand, and by applying pressure to the neck of Alexis Manley with his hand, and by applying pressure to the neck of Alexis Manley with his foot, and by striking Alexis Manley with his hand, and by seizing the hair of Alexis Manley with his hand, and by throwing Alexis Manley with his hand, and by grabbing Alexis Manley with his hand, and by biting Alexis Manley with his mouth, and by pulling Alexis Manley with his hand, and by striking Alexis Manley with his foot,

[T]hat GRAHAM SONNENBERG did intentionally, knowingly, or recklessly impede the normal breathing and circulation of the blood of Alexis Manley, by seizing Alexis Manley on and about the neck with his hand, and by applying pressure to the neck of Alexis Manley with his hand, and by applying pressure to the neck of Alexis Manley with his foot, [and]

[T]hat previously GRAHAM SONNENBERG had been convicted of an offense against a member of GRAHAM SONNENBERG's family and household and with whom GRAHAM SONNENBERG had a dating relationship, to wit: Assault Family Violence on the 15th day of September, 2011, in cause number C1-CR-11-211848 in

19

County Court at Law #4 of Travis County, Texas,

In the case at bar, there was one incident on trial. Officers responded to the apartment of the complaining witness on October 29, 2012, and found Complaining Witness Alexis Manley, who told them that she had been assaulted by her boyfriend, Appellant Graham Sonnenberg, whom she had been dating for several months and had been living with, as well (RRv4p4-79). Manley described how she had been punched, kicked, and strangled by Appellant, using his hands and feet.

Count One of the indictment alleged family/dating violence assault by strangulation, by grabbing and seizing complainant's neck with his hands, and by using his feet to apply pressure to complainant's neck, and that Appellant's hands and feet were used as a deadly weapon. The allegations that the aggravated assault was family/dating violence was surplusage. With or without the family/dating violence allegation, the remaining allegations of assault with a deadly weapon (hands or feet used to inflict strangulation) would amount to a second degree felony (aggravated assault) under Texas Penal Code Section 22.02.

Count Two of the indictment alleged family/dating violence assault by strangulation, by grabbing and seizing complainant's neck with his hands, and by using his feet to apply pressure to complainant's neck, and that Appellant had

previously been convicted of assault with family/dating violence. Count Two did not contain allegations of using a deadly weapon. Still, the allegation of a subsequent offense of family/dating violence assault by strangulation would amount to a second degree felony under Texas Penal Code Section 22.01(b-1).

Therefore, after applying the analysis set out by Texas Code of Criminal Procedure Article 37.09, it is clear that Count One and Count Two are distinct offenses, and that two sentences are permissible.

## ARGUABLE POINT OF ERROR NUMBER TWO

## FACTS AND ARGUMENTS RELEVANT TO ARGUABLE POINT OF ERROR NUMBER TWO

The trial court arguably erred by admitting a prior judgment demonstrating that Appellant had been previously convicted of assault with family/dating violence. The State's evidence established that the fingerprint on the judgment was not suitable for comparison. The trial court overruled the defense objection under Texas Rule of Evidence 403 (the prior judgment was unfairly prejudicial and the likelihood of unfair prejudice outweighed the probative value of the prior judgment), and admitted the prior judgment as evidence that Appellant had previously been convicted of assault involving family/dating violence (RRv4p86-92, see also State's Exhibits 78, 79, 80).

21

Texas Code of Criminal Procedure Article 37.07(3) sets out the procedures

related to admission of prior criminal history at the punishment trial. The Texas

Court of Criminal Appeals has decided this issue in <u>Flowers v. State</u>, 220 S.W.3d

919, 921-922 (Tex. Crim. App. 2007).

> "To establish that a defendant has been convicted of a prior offense,
> the State must prove beyond a reasonable doubt that (1) a prior
> conviction exists, and (2) the defendant is linked to that conviction.
> No specific document or mode of proof is required to prove these two
> elements. There is no "best evidence" rule in Texas that requires that
> the fact of a prior conviction be proven with any document, much less
> any specific document. While evidence of a certified copy of a final
> judgment and sentence may be a preferred and convenient means, the
> State may prove both of these elements in a number of different ways,
> including (1) the defendant's admission or stipulation, (2) testimony
> by a person who was present when the person was convicted of the
> specified crime and can identify the defendant as that person, or (3)
> documentary proof (such as a judgment) that contains sufficient
> information to establish both the existence of a prior conviction and
> the defendant's identity as the person convicted. Just as there is more
> than one way to skin a cat, there is more than one way to prove a prior
> conviction.

> "Texas substantive law does not require that the fact of a prior
> conviction be proven in any specific manner. Article 37.07 of the
> Code of Criminal Procedure permits proof of a defendant's "prior
> criminal record," but it does not require the production of a certified
> judgment to prove that prior criminal record. Any type of evidence,
> documentary or testimonial, might suffice. Similarly, Chapter 12 of
> the Penal Code deals with enhanced penalties for repeat or habitual
> offenders, but it does not require that the fact of a prior conviction be
> established in any particular manner or with any specific document."

The defense requested, and the trial court provided, an appropriate limiting

instruction – that the prior conviction was not proof of guilt for the case on trial but, instead, was only to be considered to prove whether Appellant had previously been convicted of assault with family/dating violence, as alleged in the indictment (RRv4p115).

**ARGUABLE POINT OF ERROR NUMBER THREE**

**FACTS AND ARGUMENT RELEVANT TO ARGUABLE POINT OF ERROR NUMBER THREE**

The trial court arguably erred by admitting, over objection, testimony from the State's expert witness regarding the psychology of victims of domestic violence. The trial court sustained the objection, in part; and overruled the objection, in part. The trial court convened a gate keeper hearing outside of the jury's hearing, and restricted the testimony to those elements which had direct relevance to the evidence in the case at bar. The evidence admitted over objection was proper.

State's witness Emely LeBlanc, who was employed as the director of community advocacy at SafePlace, Inc., testified that she had an undergraduate degree in psychology, a master's degree in counseling, research experience regarding the effects of domestic violence on children, ten years experience as a counselor for teenagers and victims of abuse and violence, and various experiences

23

from training as a counselor for victims (RRv5p146-149). Ms. LeBlanc described the theories behind the so-called "power and control wheel" (RRv5p149-154, CRv1p150, State's Exhibit 85).

Trial counsel for Appellant objected that the proposed soft science testimony was not reliable, and that it would not be useful to the jury (RRv5p133-134). The trial court found (RRv5p157-158) that the proposed soft science testimony was legitimate and reliable; and that the proposed expert witness was sufficiently qualified[5] to testify regarding specialized knowledge that would assist the jury to understand the evidence or to determine a fact in issue under Texas Rule of Evidence 702; and that the proposed testimony should be limited to issues which were specifically related to the evidence in the case at bar. See Morales v. State, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000), Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

## ARGUABLE POINT OF ERROR NUMBER FOUR

### FACTS AND ARGUMENT RELEVANT TO ARGUABLE POINT OF ERROR NUMBER FOUR

---

[5]The defense did not present any evidence that the State's expert witness was not qualified to provide the expert testimony which was provided, nor that the State's expert's analysis was somehow inaccurate.

24

The trial court arguably erred by rejecting the defense motion for mistrial based upon prosecutorial misconduct. Appellant's trial counsel requested a mistrial because the prosecution presented the defense with exculpatory evidence on the last day of trial, after both parties had rested and closed (RRv5p161, RRv5p205, RRv5p209-210). The trial court offered to allow the defense to a recess to consider its course of action, but Appellant's trial counsel declined (RRv5p213-214).

However, trial counsel had been apprised of the basis of the exculpatory evidence in questions at least five months before the trial (CRv1p44) and could have independently investigated the exculpatory evidence. Whether trial counsel was ineffective for failing to investigate the exculpatory evidence is not developed in this record.

> Fundamentally, [claims of prosecutorial misconduct are claims of violation of] due process. . . . It has long been the law that where a defendant's due process rights have been violated to the extent that he has been denied a fair trial, the proper remedy is [mistrial, or] reversal of [the] conviction and remand of the cause to the trial court for further proceedings. Brady v. Maryland, supra; Kyles v. Whitley, supra; United States v.Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Ex parte Davis, 957 S.W.2d 9 (Tex. Crim. App., 1997)

**ARGUABLE POINT OF ERROR NUMBER FIVE**

**FACTS AND ARGUMENTS RELEVANT TO ARGUABLE
POINT OF ERROR NUMBER FIVE**

The trial court arguably erred in refusing to convene a hearing on Appellant's First Amended Motion for New Trial.  However, the trial court was legally justified in refusing to hold a hearing because the First Amended Motion for New Trial was not supported by a factual affidavit.  King v. State, 29 S.W.3d 556 (Tex. Crim. App. 2000).[6]   Appellant may still pursue the complaints in the First Amended Motion for New Trial through post-conviction proceedings.

---

[6]Appellant's affidavit was not obtained because Appellant was transferred to the custody of TDCJ-ID prior to the expiration of thirty days post–sentencing, preventing appellate counsel from obtaining Appellant's factual affidavit in support of the First Amended Motion for New Trial.

26

## NON-MERITORIOUS APPEAL

The Fourteenth Amendment guarantees criminal appellants the right to counsel on a first appeal as of right. Douglas v. California, 372 U.S. 353, 355, 83 S.Ct. 814, 815-16, 9 L.Ed.2d 811 (1963). Lawyers, however, are ethically bound not to bring frivolous appeals. McCoy v. Court of Appeals, 486 U.S. 429, 436, 108 S.Ct. 1895, 1900-01, 100 L.Ed.2d 440 (1988); Tex. Disciplinary R. Prof. Conduct 3.01 (1989), reprinted in Tex. Gov't Code Ann., tit.2, subtit. G (Vernon Supp.1997). Recognizing the apparent conflict between these two principles, the Supreme Court has held that the Fourteenth Amendment does not require appointed counsel to press wholly frivolous arguments on behalf of indigent appellants. See Penson v. Ohio, 488 U.S. 75, 83-84, 109 S.Ct. 346, 351-52, 102 L.Ed.2d 300 (1988); Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). The Court explained:

> [I]f counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

When an appointed attorney determines there are no non-frivolous grounds for appeal, the attorney has a duty to request permission to withdraw as counsel. McCoy, 486 U.S. at 436-37, 108 S.Ct. at 1900-01. The motion to withdraw must be accompanied by a brief, commonly referred to as an "*Anders* brief," in support of the motion. Anders, 386 U.S. at 744, 87 S.Ct. at 1400. The brief must demonstrate that counsel has conscientiously examined the record and determined that the appeal is so frivolous that the appellant is not entitled to counsel on appeal. Penson, 488 U.S. at 81-82, 109 S.Ct. at 350-51; McCoy, 486 U.S. at 439 & n. 13, 108 S.Ct. at 1902 & n. 13. A proper *Anders* brief therefore must contain references to the record, citations to authority, and legal analysis. High v. State, 573 S.W.2d 807, 812-13 (Tex. Crim. App. [Panel Op.] 1978); Jeffery v. State, 903 S.W.2d 776, 779 (Tex. App. — Dallas 1995, no pet.); Johnson v. State, 885 S.W.2d 641, 645-646 (Tex. App. — Waco 1994, pet. ref'd) The motion to withdraw must also be accompanied by an exhibit showing that counsel provided the appellant with a copy of the *Anders* brief and informed the appellant that he or she has a right to review the record and file a *pro se* brief. Johnson, 885 S.W.2d at 646. The best way for counsel to ensure the appellant understands his or her rights is to inform the appellant of the procedure for obtaining the record in the court of conviction.

When an Appellate Court receives a motion to withdraw accompanied by an

*Anders* brief, the court should "review the brief, and if it determines that the brief complies with the requirements of *Anders*, the motion to withdraw will be granted." Bruns v. State, 924 S.W.2d 176, 177 n. 1 (Tex. App. — San Antonio 1996, no pet.)   After determining that *Anders*' procedural requirements have been satisfied, the Court of Appeals  must undertake an independent examination of the record to determine whether the Court agrees with counsel's conclusion that the appeal is frivolous.  *Id*.  The Appellate Court should not rule on the motion to withdraw until its independent examination of the record is complete.  Penson, 488 U.S. at 82-83 & n. 6, 109 S.Ct. at 351 & n. 6;  Johnson, 885 S.W.2d at 647.  If the Appellate Court's examination reveals that the appeal is indeed frivolous, court appointed appellate counsel's motion to withdraw should be granted, and the Court of Appeals should issue an opinion disposing of the appeal.  Anders, 386 U.S. at 744, 87 S.Ct. at 1400.  If the Appellate Court's examination reveals that non-frivolous grounds for appeal exist, court appointed appellate counsel's motion to withdraw should still be granted, because the Appellate Court should not order counsel to brief and argue an appeal that counsel considers frivolous.  Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In that situation, the Court should abate the appeal and remand the cause to the trial court with instructions to appoint a new attorney for the appellant.  The new attorney will then be required to

29

file a brief raising the non-frivolous grounds the Appellate Court has identified, as well as any additional grounds that the attorney discovers. *Id.*

The attorney whose name is subscribed to this brief has determined, after a thorough and diligent review of the record and exhibits, that there are no meritorious points of error on appeal and that, therefore, this appeal is frivolous. Counsel is simultaneously filing a Motion to Withdraw with the filing of this Appellant's Brief. As specified in the motion to withdraw, counsel has sent a copy of this brief to the Appellant and either provided Appellant a copy of the clerk's record and the reporter's record, or has instructed Appellant in the means of obtaining a copy of the clerk's record and reporter's record so that Appellant may prepare and file a *pro se* brief should he/she desire. Counsel requests that this Honorable Appellate Court grant an extension of 60 days so that Appellant may submit a *pro se* brief, should he so desire.

## **PRAYER FOR RELIEF**

Counsel requests that this Honorable Court of Appeals conduct an independent review of the record and, after determining whether there are, or are not, any non-frivolous grounds for review, grant counsel's motion to withdraw and grant an extension of 90 days so that Appellant may review the appellate record and submit a *pro se* brief, should he so desire.

Respectfully Submitted,

LAW OFFICE OF DON MOREHART
Attorney and Counselor at Law
316 West 12th Street, Suite 313
Austin, Texas 78701
Telephone  512.551.0404
Telecopier 512.551.0405
Don@MorehartLaw.com
COUNSEL FOR APPELLANT


*/s/ Don Morehart*
Don Morehart        SBN 14423700


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Appellant's Brief was served upon the State's Attorney in accordance with the Rules of Procedure on May 11, 2015.

Travis County District Attorney's Office
Attorney for State
509 West 11th Street
Austin, TX  78701
VIA FAX to  512-854-9695


*/s/ Don Morehart*
Don Morehart

<u>Attorney's Certificate of Compliance with TRAP 9.4</u>

Texas Rule of Appellate Procedure 9.4(i)(3). "A computer generated document must include a certificate by counsel or an unrepresented party stating the number of words in the document. The person certifying may rely on the word count of the computer program used to prepare the document."

Texas Rule of Appellate Procedure 9.4(i)(2)(B). "A brief and response in an appellate court (other than a brief in a death penalty case) and a petition and response in an original proceeding in the court of appeals: 15.000 words if computer generated, and 50 pages if not. In a civil case in the court of appeals, the aggregate of all briefs filed by a party must not exceed 27,000 words if computer-generated, and 90 pages if not.

Texas Rule of Appellate Procedure 9.4(i)(1). "The Contents Included and Excluded are as follows: in calculating the length of a document, every word and every part of the document, including headings, footnotes, and quotations, must be counted except the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

I hereby certify that the computer generated word count on the relevant portions of this Appellant's Brief is 3058 words.


*/s/ Don Morehart*
Don Morehart